IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES B. KNIZLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHEMLINE, INC. ET AL., )<br>)<br>Defendants. ) | Case No. 3:18-cv-00434 |

## STIPULATED PROTECTIVE ORDER

Plaintiff James B. Knizely and Defendants Chemline, Inc. and John Pantanella HEREBY STIPULATE AND AGREE that the following Stipulated Protective Order be entered pursuant to Federal Rule of Civil Procedure 26(c), subject to approval of the Court:

**IT IS HEREBY AGREED AND ORDERED THAT:**

**1. Discovery Materials**

Any documents, written discovery responses, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoenas in this litigation by any party or non-party (hereafter collectively "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" under this Order.

**2. "Confidential" Discovery Materials**

Any party or non-party may designate any Discovery Materials "Confidential" which the producing party or non-party reasonably believes not to be in the public domain and contains any information of a type that the party or non-party regards as proprietary or confidential financial, business, technical, strategic, research, development, or commercial information or private

personal information.

**3. Effect of Designation**

The designation of Discovery Materials as Confidential shall constitute a representation that the attorney for the producing party or non-party believes that there is a valid basis for such designation. However, the designation or failure to designate information as Confidential or may not be used against the producing party or non-party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, intellectual property, or otherwise sensitive.

**4. Scope of Order**

A. Discovery Materials to be covered by this Order shall include Confidential information, as defined above, that is set forth, revealed, or provided: (a) in response to written discovery requests; (b) in any documents, things, or premises made available for inspection or produced to the discovering party or produced in response to a subpoena; (c) during depositions upon oral or written examination; (d) in connection with any other discovery taken in this action, whether pursuant to the Federal Rules of Civil Procedure, informally, or by agreement; (e) in or accompanying correspondence to the receiving party; (f) in submissions to or before the Court, including testimony, briefs, exhibits, and declarations; and (g) in response to any Court Order.

B. Information to be covered by this Order shall also include privileged information, as discussed below.

**5. Disclosure and Use of Confidential Discovery Materials**

Nothing in this Order shall restrict the ability of a party to disclose its own Confidential information. Confidential Discovery Materials shall be disclosed by the receiving party only to the following persons and used only for the litigation of this action, and any appeal therefrom:

a. Employees of a party to this action;

b. Outside counsel of record retained by Plaintiff or Defendants and who are members of a firm appearing before the Court in this action, together with other attorneys employed by these law firms and those attorneys' stenographic, clerical, paralegal, and other employees whose duties and responsibilities require access to Confidential information;

c. Court reporters, outside copy services, graphics consultants, translators, interpreters, and similar support services professionals;

d. Outside experts, consultants, or investigators (collectively, referred to hereinafter as "experts") who are engaged for the purpose of this action by the party receiving such information and their support personnel but only after such persons have completed the certification contained in Exhibit A;

e. Any persons identified on the face of such document as authors or recipients;

f. The Court, Court personnel, videographers, and court reporters; and

h. Witnesses of whom testimony is taken, and who at the time the testimony is taken are either employees of the party designating the Discovery Materials Confidential, or who are employees of a party to this action and where counsel for the party designating the Discovery Materials Confidential has approved of the communication of such information to the witness. At the request of any party, the portion of the deposition transcript involving the Confidential information shall be designated Confidential. Witnesses shown Confidential Discovery Materials shall not be allowed to retain copies. Any person who is not authorized to receive communication of Confidential Discovery Materials may be excluded from the deposition at the request of either party.

**6. Handling of Confidential Discovery Materials**

Any person in possession of Confidential Discovery Materials shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.

**7. Marking of Confidential Discovery Materials**

Confidential Discovery Materials shall be marked "Confidential – Subject to Protective Order" or similar wording on each page of each document so designated or may be designated in the cover letter, email transmission, any other manner that provides clear indication that the materials are considered to be Confidential Discovery Materials.

**8. Deposition, Trial, or Other Testimony**

A. If information to be treated in confidence is contained in deposition, trial, or other testimony, the transcript may be designated as containing Confidential information by so notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing, of the specific pages of the transcript which contain such Confidential or information. Such written notification shall specify the designation by page number. All depositions, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing Confidential information until fourteen (14) days after a transcript of the deposition is received. After such fourteen (14) day period has expired and in the absence of any written notice concerning the specific portions of the transcript that the producing party believes contain Confidential Discovery Materials, the transcript of testimony shall be treated as designated on the record at the time of testimony, or if no designations were made, then the transcript of testimony shall be treated as a public document. Unless otherwise agreed to by the parties in writing or on the record, no individual not qualified hereunder to receive Confidential

Discovery Materials shall be in attendance at that portion of a deposition during which Confidential Discovery Materials are being testified to or produced by another party.

B. The disclosing party shall have the right to exclude from attendance at said deposition, during such time as Confidential information is being disclosed, any person other than the deponent, counsel, court reporter, videographer (if any), and any other individuals authorized to receive such information as provided by paragraph 5 above, whereby the failure of unauthorized persons to comply with such a request to be excluded shall constitute substantial justification for counsel to advise the witness that he or she need not answer a question seeking the revelation of Confidential information.

**9. Sealing Procedures**

If a document containing Confidential Discovery Materials is filed with the Court, it shall be filed under seal as set forth in Federal Rule of Civil Procedure 5.2.

**10. Disclosure of Confidential Discovery Materials during Trial or in Open Court Hearing**

If any party intends to disclose any Confidential Discovery Materials of any opposing party during the trial or in any hearing in open court, the party seeking to make such disclosure shall provide reasonable notice of its intent to the designating party three (3) business days in advance of the trial or hearing in open court. The designating party will then have a reasonable opportunity to request appropriate safeguards from the Court for the disclosure of such Confidential Discovery Materials

**11. Inadvertent or Unintentional Disclosure of Confidential Discovery Material by Producing Party**

The inadvertent or unintentional disclosure by the producing party of Confidential Discovery Materials, either by way of document production or deposition testimony, regardless of whether

the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter so long as such inadvertent or unintentional disclosure was not the result of recklessness or gross negligence on the part of the disclosing party. Any such inadvertently or unintentionally disclosed Confidential Discovery Materials not designated as such pursuant to paragraph 10 shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Within fourteen (14) days of such notice and receipt of substitute copies bearing the appropriate confidentiality legend, the receiving party shall return said documents and things and not retain copies thereof, destroy said documents and things, or raise this matter with the Court and request an Order permitting the receiving party to retain the originally disclosed information. Unless the receiving party is opposing the return or destruction of such information, the receiving party also shall arrange for the return or destruction of said documents and things from parties and individuals to whom it may have distributed the documents or things but who were not authorized to receive Confidential Discovery Materials under this protective order. If the receiving party opposes the return or destruction of such information, it shall, after receiving notice from the producing party, nonetheless avoid any further distribution of such information to unauthorized parties or individuals, pending resolution of the issue by the Court. The receiving party's disclosures, prior to the receipt of notice from the producing party of a new designation, of Confidential Discovery Materials to unauthorized parties or individuals shall not be deemed a violation of this protective order. Upon the re-designation of information under this paragraph, said information shall thereafter be treated as Confidential as designated by the producing party.

**12. Inadvertent or Unintentional Disclosure of Confidential Discovery Materials by Receiving Party**

Should any Discovery Materials already designated Confidential be disclosed inadvertently or unintentionally by the receiving party to any person not authorized under this Order, the receiving party shall: (a) promptly inform such person of all the provisions of this Order; (b) immediately identify such person and the information disclosed to the party or non-party that designated the document as containing Confidential information; (c) request such person to sign an Undertaking in the form attached as Exhibit A; and (d) retrieve all copies of documents containing the inadvertently disclosed information.

**13. Inadvertent or Unintentional Disclosure of Privileged Information**

In the event that a producing party inadvertently or unintentionally produces a document that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or other privilege, doctrine, or immunity, such party shall promptly give written notice to the receiving party upon discovering such inadvertent disclosure. Immediately upon receiving such notice, outside counsel for the receiving party shall sequester all identified information, including any and all copies, in its offices until the matter is resolved either by agreement of the parties or by Court order. If the parties are unable to reach a satisfactory agreement as to the return, destruction, or use of such documents within fourteen (14) days of such notice, the producing party shall, within fourteen (14) days thereafter, request that the Court resolve the matter. The period of time that elapses while a party follows the procedures set forth in this paragraph for resolving any inadvertent disclosure dispute shall not be considered as a factor in deciding whether a party's delay in attending to the inadvertent disclosure was reasonable under the circumstances.

Nothing herein shall preclude the receiving party from challenging the privilege or immunity claimed by the disclosing party regarding the inadvertently produced document or information, and the receiving party may use the inadvertently produced document or information that is claimed to be privileged or work product in a submission filed under seal to the Court when challenging the privilege or immunity claimed by the disclosing party.

**14. Challenges to Designation**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. A party may apply to the Court for an order that information labeled Confidential is not, in fact, confidential. Prior to so applying, the party seeking to remove the Confidential designation shall seek the producing party's agreement. If the parties cannot agree on the appropriate classification of the information in question, the party seeking to remove the Confidential designation may request the Court for such reclassification. In any request, the producing party shall ultimately have the burden of establishing the need for designating the challenged Discovery Material as Confidential.

**15. Use of Independently-Obtained, Unrestricted, Public, or Produced Information**

This Order shall not impose any restrictions on the use or disclosure by a party of information or material properly obtained by such party independently of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential information as it deems appropriate. Further, this Order shall not apply to information which (a) was properly known to the receiving party before disclosure hereunder, (b) is or becomes part of public knowledge through no breach of the provisions of this Order, (c) is independently developed by the receiving party without access to the Confidential

Discovery Materials disclosed hereunder, or (d) is disclosed to the receiving party by a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

**16. Termination of Action**

Ultimate disposition of protected materials designated pursuant to this Order shall be subject to a final order of the Court on the completion of litigation. Either party may file a Motion with the Court upon termination of the matter for direction from the Court on how to dispose of such materials.

**17. Survival of Litigation**

This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

**18. Modifications to Protective Order**

Any party may, on motion or other request to the Court and for good cause shown, seek a modification of this Order, and, by its agreement to this Order, no party shall be deemed to have waived the right to modifications later sought by such party. No modification of this Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.

**19. Other Proceedings**

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to

disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**SO ORDERED**

Signed: February 22, 2019

Graham C. Mullen
United States District Judge

# EXHIBIT A

## WRITTEN ASSURANCE AND STIPULATION

_____ declares that:

I reside at _____, in the city of _____, county of _____, state of _____.

I have read the Stipulated Protective Order of record in *James B. Knizely v. Chemline, Inc. et al.,* No. 18-434, pending in the United States District Court for the Western District of North Carolina.

I fully understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order and hereby submit myself to the jurisdiction of the United States District Court for the Western District of North Carolina, for the purposes of enforcement of the Stipulated Protective Order.

I will keep in confidence, and will not divulge to anyone, other than those permitted to have access under the terms of the Stipulated Protective Order, copy or use, except solely for the purposes of that action, any documents, testimony, or other information designated as Confidential pursuant to the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____  _____
Signature                 Date

_____
Printed Name and Title